UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Lewis Welsh, #312256, ) | |
| ) | C/A No.: 4:13-cv-00296-GRA |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Warden Leroy Cartledge, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes before the Court for review of United States Magistrate Judge Thomas E. Rogers, III's Report and Recommendation filed on April 24, 2013. Petitioner, a state prisoner proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2254 on January 28, 2013.[1]  Presently before the Court is Petitioner's motion for default judgment filed on April 22, 2013. Magistrate Judge Rogers recommends that Petitioner's motion for default judgment be denied. For the reasons stated herein, the Court adopts the Magistrate Judge's recommendation in its entirety.

## Standard of Review

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## Discussion

Petitioner timely filed objections to the Report and Recommendation on May 3, 2013. ECF No. 25. Specifically, Petitioner objects to Magistrate Judge Rogers' recommendation to deny default judgment in this case because he claims that Respondent failed to request an extension of time until after the deadline had passed to respond to the Petition. Furthermore, Petitioner claims that it was error for the Magistrate Judge to not address his motion for summary judgment. The Court finds, however, that Petitioner's objections are without merit.

In regard to Petitioner's argument that Respondent failed to move for an extension of time within the requisite time period to respond and therefore default judgment should be granted, the Court finds that this argument is factually inaccurate. On February 21, 2013, Magistrate Judge Rogers issued an order that directed

Respondent to "file an answer or other response to the Petition as soon as reasonably possible but no later than fifty (50) days from the date of service." ECF No. 8. Respondent received service of that order on February 25, 2013. ECF No. 13. Accordingly, as reflected by the docket sheet, Respondent had until April 15, 2013 to respond to the Petition. *See* ECF No. 8. Respondent moved for an extension of time on April 15, 2013, which was within the fifty-day time period. ECF No. 14. Magistrate Judge Rogers granted Respondent this extension and gave him up to and including May 15, 2013 to file the return. ECF No. 15. Respondent subsequently filed the return, motion, and memorandum on April 22, 2013. ECF Nos. 18 & 19. Thus, Respondent acted timely in responding to the Petition.

Additionally, Petitioner argues that default judgment should be entered against South Carolina Attorney General Alan Wilson. *See* ECF No. 22. Petitioner is correct in his assertion that the Attorney General's office received service of the Magistrate Judge's order on February 21, 2013 and failed to respond to the Petition within fifty days from the date of service. *See* ECF No. 13. However, Attorney General Wilson was not required to respond to the Petition because he was terminated as a party in the case by the February 21, 2013 order. ECF No. 8. The order specifically states that Attorney General Wilson was deleted "from the docket as a respondent because a prisoner's custodian (here, Warden Leroy Cartledge) is the proper respondent in a habeas corpus action." *Id.* As such, because Attorney General Wilson is no longer a party in this case, default judgment cannot be entered against him.

Moreover, even if Respondent did file an untimely response to the Petition, Petitioner would not be entitled to a default judgment. Default judgments are not

appropriate in habeas actions, such as this case. *See, e.g., United States v. Dill*, 555 F.Supp.2d 514, 520–21 (E.D. Pa. 2008); *Aziz v. Lefevre*, 830 F.2d 184, 187 (11th Cir. 1987) (noting that "a default judgment is not contemplated in habeas corpus cases"); *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984) (reasoning that "were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer"); *see also Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) (holding that "[t]he failure to respond to claims in a petition for habeas corpus does not entitle the petitioner to a default judgment."); *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970) (finding "Rule 55(a) has no application in habeas corpus cases."); *Garland v. Warden*, 2008 WL 4834597 (D.S.C. 2008) (unpublished). Therefore, Petitioner's objection is overruled.

Finally, Petitioner also objects to the Magistrate Judge not addressing his motion for summary judgment that was a part of his motion for default judgment. ECF No. 25. The Court, however, finds no error with the Magistrate Judge not issuing a Report and Recommendation on this motion at this time. Respondent has filed a motion for summary judgment himself, and Petitioner has until May 28, 2013 to respond to that motion. ECF Nos. 18 & 19. In fact, the deadline for Respondent to respond to Petitioner's motion is May 13, 2013. As such, the Magistrate Judge committed no error, and Petitioner's objection is overruled.

Therefore, after a thorough review of the record, this Court finds that the Magistrate Judge's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Petitioner's motion for default judgment is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

May  13 , 2013
Anderson, South Carolina