UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LEWIS WELSH, ) | C/A No. 4:13-296-GRA-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Report and Recommendation |
| ) | |
| WARDEN LARRY CARTLEDGE, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, Lewis Welsh (Petitioner/Welsh), is currently incarcerated at McCormick Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on February 4, 2013. Respondent filed a motion for summary judgment on April 22, 2013, along with a return, supporting memorandum and exhibits. (Docs. #18 and #19). The undersigned issued an order filed April 23, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #20). Petitioner filed a response in opposition on May 14, 2013. (Doc. #30). Respondent filed a reply and Petitioner filed a sur-reply. (Docs. #32 and 34).

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

# I.  PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently confined at the McCormick Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Greenville County. Petitioner was indicted by the Greenville County Grand Jury during the September 2004 Term of the Greenville County Court of General Sessions for one count of Trafficking Cocaine (2004-GS-23-6959). (App. 352-53). At the time of Petitioner's trial, Petitioner was represented by Thomas Creech, Esquire. (App. 1-289). The State was represented by Assistant Solicitor Chet Chea of the Thirteenth Judicial Circuit. Id. On November 2-3, 2005, Petitioner was tried by a jury on Trafficking Cocaine charge before the Honorable Howard P. King, Circuit Court Judge. Id. On November 3, 2005, the jury found Petitioner guilty of trafficking cocaine. (App. 274-76). Judge King sentenced Petitioner to twenty-five years confinement and imposed a $50,000 fine. (App. 287).

**Direct Appeal**

Petitioner timely served and filed a Notice of Appeal on November 4, 2005. On appeal, Petitioner was represented by Robert M. Dudek, Deputy Chief Attorney for Capital Appeals with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Petitioner's appeal was perfected with the filing of a Final Anders Brief of Appellant. (App. 290-95). In the Final Anders Brief, counsel argued the court erred by admitting evidence Petitioner attempted to sell an

undercover agent a small amount of cocaine on February 13, 2004, during a chance encounter on the street. The State's case involved the alleged distribution of 23.63 grams of cocaine to an undercover agent on February 17, 2006. Counsel argued that the prior alleged small cocaine sale was inadmissible propensity evidence, and it also was not admissible under State v. Lyle.

In an unpublished Opinion filed September 17, 2008, the South Carolina Court of Appeals affirmed Petitioner's conviction. In the Opinion, the Court of Appeals noted Petitioner appealed his conviction and sentence for trafficking in cocaine, arguing the circuit court erred in admitting a police officer's testimony that Welsh had offered to sell him drugs a few days before the offense for which Petitioner was charged. The Court of Appeals dismissed Petitioner's appeal and granted counsel's motion to be relieved. The Appeal was dismissed and the Remittitur was issued on October 6, 2008.

**PCR Action**

On June 2, 2009, Petitioner filed an Application for Post-Conviction Relief (PCR) (2009-CP-23-4642). (App. 297-304). In the Application, Petitioner asserted claims of constitutional violations resulting from ineffective assistance of counsel. (App. 299).

The State served its Return on November 18, 2009. (App. 305-09). Petitioner subsequently filed a Motion to Address All Issues and a Notice and Memorandum of Law in Support of Application for Post-Conviction Relief on May 26, 2010. (App. 310-13). In the memorandum, Petitioner asserted that counsel was ineffective for not properly challenging the chain of custody of the cocaine. An evidentiary hearing in this PCR action was held before the Honorable Robin B. Stilwell, Circuit Court Judge, on May 26, 2010. (App. 314-342). Petitioner was present and was

represented by Rodney Richey, Esquire. Id. The State was represented by Assistant Attorney General Karen Ratigan. Id.

The PCR Court found and concluded Petitioner had not established any constitutional violations or deprivations before or during his trial and sentencing proceedings and filed its Order of Dismissal on July 9, 2010.

**PCR Appeal**

Petitioner timely served and filed a notice of appeal on July 14, 2010. (Attachment No. 9). On appeal, Petitioner was represented by Robert M. Pachak, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. (See Attachment No. 10). Petitioner's appeal to the PCR Court's Order was perfected with the filing of a Johnson Petition for Writ of Certiorari. (Attachment No. 10). In the Johnson Petition, counsel contended defense counsel was ineffective in failing to convey plea offers to Petitioner. Petitioner also filed a Pro Se Johnson Petition for Writ of Certiorari asserting the PCR Court erred by denying relief upon his claim that trial counsel failed to properly object to the chain of custody.

Petitioner's PCR appeal was transferred from the South Carolina Supreme Court to the South Carolina Court of Appeals. By Order filed December 14, 2012, the South Carolina Court of Appeals denied the Johnson Petition for Writ of Certiorari and granted counsels' request to withdraw.

## II. HABEAS ALLEGATIONS

Petitioner filed his petition on September 14, 2012, in which he raises the following allegations:

> GROUND ONE: Whether the court erred by admitting evidence petitioner attempted to sell an undercover agent a small amount of cocaine on the street on a prior occasion, since this "other bad acts" evidence was not admissible under State v. Lyle or pursuant to Rule 404(b) SCRE as it minimally may have pertained to the subsequent large set-up drug deal at the movie theater.
>
> GROUND TWO: Whether defense counsel was ineffective in failing to convey plea offers to Petitioner.
>
> GROUND THREE: Ineffective Assistance of counsel.

(Petition).

## III. STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively

5

unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### IV. PROCEDURAL BAR

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above (i.e., direct appeal, appeal from PCR denial), and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

>. . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showings of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

## V. ANALYSIS

**Ground One**

In Ground One of his habeas petition, Petitioner argues that the trial court erred by admitting evidence he attempted to sell an undercover agent a small amount of cocaine on the street on a prior occasion because evidence of "other bad acts" was not admissible under State v. Lyle or Rule 404(b) SCRE. Respondent asserts that this ground fails to state a claim upon which federal habeas relief can be granted as it hinges on the interpretation of state evidentiary rules.

It is recommended that Respondent's motion for summary judgment be granted on this issue as it is not cognizable in habeas review. [2] A state court's decision on a question of state law is

---

[2] In Petitioner's response in opposition to summary judgment, he argues that he raises this claim as a due process violation. However, this issue was not raised and ruled upon by the trial court as

binding in federal court. See <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Thomas v. Davis</u>, 192 F.3d 445, 449 n. 1 (4th Cir. 1999).

**Ground Two**

In Ground Two of the habeas petition, Petitioner argues that counsel was ineffective in failing to convey plea offers to him. Petitioner asserts that he went to trial and received twenty-five years of which he will have to serve 85%. Petitioner contends that one plea offer was "to plea to trafficking in cocaine, first offense, 10 to 28 grams, with recommendation of 5 to 7 years." (Doc. #1, p. 10). Petitioner argues that he did not see this plea offer and does not recall discussing it with defense counsel. Petitioner argues "that another plea offer was to plea to trafficking in cocaine and criminal domestic violence with a concurrent sentence range of 3 to 10 years. This offer was not discussed with Petitioner." <u>Id</u>. Petitioner argues that had he been made aware of the plea offers, he would have accepted any one of them.

Respondent asserts that the PCR court's order did not contain objectively unreasonable factual findings and was "not contrary to" and did not involve an "unreasonable application" of clearly established law with respect to this claim.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or

---

a due process violation. Thus, it was not preserved for appeal and is procedurally barred from review in this court. Petitioner has not shown cause and prejudice to overcome this procedural default.

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the

> reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

In Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000), *quoting* Strickland at 694, the Court held that "[to] establish ineffectiveness, he [a defendant] 'must show that counsel's representation fell below an objective standard of reasonableness, and to establish prejudice he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Thus, the Supreme Court confirmed that the correct standard for judging ineffective assistance of claims is the Strickland standard.

At the PCR hearing, Petitioner testified that he learned of the two prior plea offers, but neither were relayed to him prior to trial. Petitioner asserts that he would have accepted a plea recommendation had he known about it. Trial counsel testified that he discussed both plea offers with Petitioner and he rejected them. The PCR court found as follows:

> The Applicant stated he and trial counsel discussed the State's evidence and his version of what happened. The Applicant stated he has learned there were two prior plea recommendations from the State, but that neither one was relayed to him. The Applicant stated he would have accepted a plea recommendation if he had known about it. . . .
>
> Trial counsel testified he filed discovery motions and reviewed the material with the Applicant. Trial counsel testified the Applicant relayed his version of events and initially indicated he was open to the idea of a guilty plea. Trial counsel testified the State's first plea offer was in March 2005 and was a recommendation of concurrent time on the trafficking charge (as well as a charge of criminal domestic violence of a high and aggravated nature). Trial counsel testified the State's second plea offer was in May 2005 and was to: (1) reduce the trafficking charge to the 10-28 gram level, (2) treat the

>charge as a first offense, and (3) recommend a 5-7 year sentence. Trial counsel stated he discussed both plea offers with the Applicant and the [A]pplicant rejected them. Trial counsel stated the Applicant wanted the State to reduce the trafficking charge to a possession charge. . .
>
>This Court finds the Applicant's testimony is not credible, while also finding trial counsel's testimony is credible. This Court further finds trial counsel adequately conferred with the Applicant, conducted a proper investigation and was thoroughly competent in his representation.
>
>This Court finds the Applicant failed to meet his burden of proving trial counsel did not relay the plea recommendations to the Applicant. This Court specifically finds trial counsel is more credible that the Applicant on this issue. This Court notes trial counsel's file contained the plea offer letters from the State. This Court also notes trial counsel had a specific recollection of relaying the offers to the Applicant and the Applicant's opting to refuse them. This Court finds trial counsel fulfilled his responsibilities in this regard. See Davie v. State, 381 S.C. 601, 675 S.E.2d 416 (2009) (holding counsel's failure to convey the State's plea offer to defendant constituted deficient performance).
>
>. . .
>
>Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test-that trial counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that trial counsel committed either errors or omissions in his representation of the Applicant. This Court also finds the Applicant has failed to prove the second prong of Strickland-that he was prejudiced by trial counsels' performance. This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. See Frasier v. State, 351 S.C. at 389, 570 S.E.2d at 174.

(Tr. 348-351).

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not

"contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. A presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra. The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Thus, the undersigned recommends that the Respondent's motion for summary judgment be granted on Ground Two.

**Ground Three**

In Ground Three, Petitioner argues that counsel was ineffective as follows:

> . . . the chain of custody cannot be held to be sufficient to establish a complete chain of custody, as far as practicable insomuch as Detective Gounsell never personally identified the substance at trial as being the same substance he gave to detective Blackburn-who testified he put the substance into the drop box located at SLED on Feb. 17, 2004. As a result, although the State introduced testimony from the intervening links in the chain of custody, the failure of Detective Gounsell to 'personally' identify the substance at trial, made the evidence inadmissible.
>
> . . .
>
> Further, although counsel objected to the admissibility of the evidence "Chain of custody." Because det. /Inv. Grounsell did not identify this exhibit . . . Here, counsel's failure to renew his objection at the conclusion of the States case, denied the Petitioner the opportunity to receive a ruling on this issue by the trial Judge.

(Doc. 1-1, p. 14-17).

Respondent argues this issue is procedurally barred from federal habeas review. Specifically, Respondent asserts that this claim was not raised by Petitioner in his first PCR, and it was not ruled

upon by the PCR Court.

In his response to summary judgment, Petitioner argues that Ground Three is not procedurally barred because he raised it in his pro se Johnson petition. Additionally, Petitioner contends that if it is found to be procedurally barred, he has shown cause and prejudice because there was "no way he could have raised ground three when his P.C.R. counsel refused to do so see: Martinez v. Ryan ..." (Doc. #30, p. 9).

This particular claim of ineffective assistance of counsel was not raised in the PCR application and/or ruled upon by the PCR Court in its Order of Dismissal dated July 7, 2010. At PCR, Petitioner did raise an issue that counsel was ineffective for failing to object to the chain of custody but it was not the exact issue raised in Ground Three of his habeas petition. In the PCR Court's order of dismissal, the court stated "[s]pecifically, Petitioner argues that trial counsel should have objected to the chain of custody because an evidence custodian named Hucks (who transported the drugs to and from the chemist) did not testify at trial." (Tr. 348). Thus, while Petitioner did raise a claim of ineffective assistance of counsel regarding the failure to object to the chain of custody, the argument raised in this habeas petition is different from the claim raised at PCR. Therefore, this claim is procedurally barred from review in federal habeas corpus. Coleman, 501 U.S. 722 (holding issue not properly raised to state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas).

In his response in opposition to summary judgment, Petitioner relies on the case of Martinez v. Ryan, ––– U.S. ––––, 132 S.Ct. 1309, 182 L.Ed.2d 272 to overcome procedural default and to demonstrate cause and prejudice. However, Petitioner's reliance on Martinez fails. In Martinez, the Supreme Court established a "limited qualification" to the rule in Coleman v. Thompson, 501 U.S.

13

722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), that any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural default of a claim of ineffectiveness of trial counsel. Martinez, 132 S.Ct. at 1319. The Martinez Court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. In describing its holding in Martinez, the Supreme Court recently stated that

> [w]e ... read Coleman as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding."

Trevino v. Thaler, 569 U.S. ——, ——, 133 S.Ct. 1911, 1918, 185 L.Ed.2d 1044 (2013) (citing Martinez, 132 S.Ct. at 1318–19, 1320–21); see also Sexton v. Cozner, 679 F.3d 1150, 1159 (9th Cir.2012) (summarizing the Martinez test to require the following: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective under Strickland, whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice").

Therefore, to excuse the failure to raise the claim in his PCR proceeding that trial counsel was ineffective for not objecting to the chain of custody involving Investigator Gousnell, Petitioner must "show that [PCR] counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner

would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." Sexton, 679 F.3d at 1157; see also Williams v. Taylor, 529 U.S. 362, 391, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective assistance-of-counsel claims"); Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (stating to demonstrate ineffective assistance of counsel, a petitioner must show that (1) counsel's errors were so serious that her performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution and (2) petitioner was prejudiced as a result).

Applying Martinez to the record and Petitioner's claim, Petitioner cannot make out a claim of ineffectiveness of PCR counsel. At trial, trial counsel objected to the chain of custody because "Investigator Grounsell (sic)–I mean, I don't think he's identified this exhibit." (Tr. 195). The trial judge overruled the objection finding that "...the chain has been established sufficiently to enable the matter to come into evidence . .. " (Id.). After the state rested, motions were made of which trial counsel stated that ". . . we would move for a directed verdict based on the fact that they have not presented all links in the chain of custody. .. " (Tr. 205). Subsequently, the following colloquy took place between the court and trial counsel, Mr. Creech:

The Court: Where is the–I asked you this before, where is the gap?

Counsel: I don't think that Mr. Grounsell ever testified–or identified the exhibits. So the gap—they're alleging that my client—they got this from my client to Mr. Grounsell–

The Court: Mr. Grounsell testified, if I recall, that the drugs were handed to him. He had them in his car–in his hand when the bust went down, he ran. The next officer testified that he took them out of Mr. Grounsell's hands and that he is the one that introduced them there. That's every step in the chain.

| | |
|---|---|
| Counsel: | But I just–my point is, I don't remember Investigator Grounsell ever being shown the drugs and saying, that what you seized from the Defendant? |
| The Court: | No. But the man that took them from him said that these are the ones that I took from him. And he testified he got them from the Defendant. |
| Counsel: | Right. Well, again, I don't think that the State has established a sufficient chain in that Grounsell did not identify these drugs as the ones he took from the Defendant. If that's his testimony–and, you know, I don't know if he put his initials on the bag or anything like that. But he's a law enforcement officer, he says he took them from this Defendant, and I think that makes him a link in the chain. And he's got to get up here and say, yeah, I looked at these drugs and these are the ones that I seized from him and I can tell that because I put my initials on this bag and— |
| The Court: | But he didn't put them on the bag. That's the pont. |
| Counsel: | Well, I know. |
| The Court: | He got them from the Defendant and the Defendant- -and then the other narcotics officer took them from him in whatever condition they were in that he had gotten them from the Defendant. I don't know whether they were loose, or in a bag, or in an envelope, or whatever they were.<br>But I understand what you're saying. But I just don't think that there's any gap in the link of the chain of custody. And I'm going to overrule your objection on the directed verdict on the question of the—on the chain of custody.<br>I really don't see much difference in that in – an officer that is a – what we all refer to as a throw-down case where, let's say, they're chasing a defendant, they see the defendant throw the drugs down on the ground, the officer picks up the drugs off of the ground and gives them to another officer who bags them and puts his initials on them. I don't see any difference in that situation. And I think that does link up all the elements of the chain of custody. |

(Tr. 205-207).

Trial counsel objected to the chain of custody based on Investigator Grounsell not identifying the

exhibits. Later, trial counsel made a motion for a directed verdict when the State rested their case

16

raising the same issue with regard to the chain of custody. The trial court overruled the objection and denied the motion for directed verdict with regard to the chain of custody. Accordingly, Petitioner has failed to establish that his underlying claim of ineffective assistance of trial counsel was a substantial claim or that there was prejudice. Thus, PCR counsel could not be ineffective for not raising this claim as raised by Petitioner in his petition because trial counsel did object to the chain of custody based upon Investigator Grounsell's alleged failure to identify the exhibit at trial and raised this objection in the motion for directed verdict. As such, Petitioner has failed to prove that PCR counsel's representation fell below the standard of professional reasonableness in this regard.[3] Thus, Petitioner has failed to meet the requirements of Martinez to show that his PCR counsel was ineffective. Therefore, it is recommended that Ground Three be dismissed as procedurally barred.

## VI.  CONCLUSION

Based on the foregoing, it is RECOMMENDED that Respondent's motion for summary judgment (docket entry #19) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus be denied, and the petition dismissed without an evidentiary hearing.

                                                      Respectfully submitted,

                                                      s/Thomas E. Rogers, III

November 19, 2013                          Thomas E. Rogers, III
Florence, South Carolina                 United States Magistrate Judge

**The parties' attention is directed to the important notice on the next page.**

---

[3] Even though this is not the issue raised with regard to the chain of custody at PCR, the PCR court did state that "[t]his Court notes trial counsel did make an objection to the chain of custody at trial - -during the chemist's testimony- -and argued the investigator had not identified the drugs at issue. (Trial Transcript, pp. 194-95). The trial judge overruled the objection and found the chain has been established sufficiently to enable the matter to come into evidence." (Trial transcript, p. 195).