UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Lewis Welsh,                                   ) | |
| ) | Civil Action No.: 4:13-296-MGL |
| Petitioner,          ) | |
| ) | |
| vs.                                         ) | |
| ) | |
| ) | OPINION AND ORDER |
| Warden Larry Cartledge,              ) | |
| ) | |
| Respondent.          ) | |

## I. Background

Petitioner Lewis Welsh ("Petitioner"), an inmate at the South Carolina Department of Corrections, filed the instant action pursuant to 28 U.S.C. § 2254 seeking a *writ of habeas corpus*. (ECF No. 1). Petitioner asserts three grounds for relief in his petition: (1) "Whether the trial court erred in admitting evidence petitioner attempted to sell an undercover agent a small amount of cocaine on the street on a prior occasion since this 'other bad acts' evidence was not admissible under *State v. Lyle* or pursuant to Rule 404(b) SCRE as it minimally may have pertained to the subsequent large set up drug deal at the movie theatre"; (2) "Whether defense counsel was ineffective in failing to convey plea offers to Petitioner"; (3) "Ineffective assistance of counsel." (ECF No. 1 at 5, 6, and 8). On April 22, 2013, Respondent Warden Leroy Cartledge ("Respondent") filed a return and a motion for summary judgment. (ECF No. 18).

1

## II. Magistrate Judge's Report and Recommendation

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial handling and a Report and Recommendation ("Report"). On November 19, 2013, Magistrate Judge Thomas E. Rogers, III issued a comprehensive Report evaluating the issues and recommending that Respondent's motion for summary judgment be granted. (ECF No. 35). The Report sets forth in detail the relevant facts and legal standards on this matter which the Court incorporates herein without recitation.

Specifically, Magistrate Judge Rogers recommended that the Court grant summary judgment on Petitioner's first ground for relief as it was not cognizable in habeas review. The Magistrate Judge noted that Petitioner argued in his response in opposition to summary judgment that he had raised this claim as a due process violation. However, the Magistrate Judge observed this issue was not raised and ruled upon by the trial court as a due process violation and, as such, it was not preserved for appeal and was procedurally barred. Next, the Magistrate Judge recommended that the Court grant summary judgment on Petitioner's second ground for relief for ineffective assistance of counsel due to counsel's alleged failure to relay plea offers. Basically, the Magistrate Judge determined that the state's Post-Conviction Relief ("PCR) court's adjudication of this claim was neither contrary to nor involved an unreasonable application of federal habeas law. Finally, the Magistrate Judge recommended dismissal of Petitioner's third ground for relief for ineffective assistance of counsel due to counsel's alleged failure to properly object to the chain of custody of the drugs presented at trial. The Magistrate

Judge found that this claim was procedurally barred because the claim Petitioner now raises before this Court is different from the claim he raised before the PCR court.

## Standard of Review

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for the final determination remains with the Court. *Matthews v. Weber,* 423 U.S. 261, 271, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976)). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47–48 (4th Cir.1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the Recommendation. *Camby v. Davis,* 718 F.2d 198 (4th Cir. 1983).

## Discussion

On December 16, 2013, Petitioner filed objections to the Report. In light of the standards set forth above, the Court has carefully reviewed Petitioner's objections and finds that his objections are non-specific and merely restate or rehash the same arguments presented in his initial petition and in his opposition to Respondent's motion for summary judgment. (ECF Nos.

1, 3, and 34).  Further, the Court finds that the issues Petitioner raised in his petition and in his "objections" were correctly addressed by the Magistrate Judge and the Court will not address the same issues a second time.  Even reading these objections liberally in an effort to find a specific challenge to the Magistrate Judge's Report, the Court finds that Petitioner has not stated anything that would make this Court find error in the Magistrate Judge's analysis.  As such, Petitioner fails to specifically argue where the Magistrate Judge erred in his analysis and has not provided this Court with objections to address.

**Conclusion**

The Court has thoroughly reviewed the Magistrate Judge's Report, the record, Petitioner's objections and has conducted a *de novo* review of the issues raised in the case.  The Court is satisfied that the Magistrate Judge rightly determined that Petitioner has no claim for relief under § 2254 under the applicable law.  Based on the forgoing, the Court adopts the Report and Recommendation of the Magistrate Judge. Petitioner's objections are overruled.  For the reasons set forth herein and in the Magistrate Judge's Report, Respondent's motion for summary judgment is GRANTED (ECF No. 18) and the petition for habeas corpus relief is DENIED. (ECF No. 1).

4

**Certificate of Appealability**

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

January 24, 2014
Spartanburg, South Carolina