`                    **IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**FLORENCE DIVISION**

| | | |
|---|---|---|
| LEWIS WELSH, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 4:13-296-MGL |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| WARDEN LARRY CARTLEDGE, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## Background

*Pro Se* Petitioner Lewis Welsh ("Petitioner"), an inmate at the South Carolina Department of Corrections, filed the instant action pursuant to 28 U.S.C. § 2254 seeking a *writ of habeas corpus*. (ECF No. 1).  Petitioner asserts three grounds for relief in his petition: (1) "Whether the trial court erred in admitting evidence petitioner attempted to sell an undercover agent a small amount of cocaine on the street on a prior occasion since this 'other bad acts' evidence was not admissible under *State v. Lyle* or pursuant to Rule 404(b) SCRE as it minimally may have pertained to the subsequent large set up drug deal at the movie theatre"; (2) "Whether defense counsel was ineffective in failing to convey plea offers to Petitioner"; (3) "Ineffective assistance of counsel." (ECF No. 1 at 5, 6, and 8).  On April 22, 2013, Respondent Warden Leroy Cartledge ("Respondent") filed a return and a motion for summary judgment. (ECF No. 18).

## Magistrate Judge's Report and Recommendation

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling and a Report and

1

Recommendation.  On November 19, 2013, Magistrate Judge Thomas E. Rogers, III, issued a comprehensive Report and Recommendation evaluating the issues and recommending that Respondent's motion for summary judgment be granted. (ECF No. 35).  The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter which the Court incorporates herein without recitation.

Upon review, the Magistrate Judge recommended that the Court grant summary judgment on Petitioner's first ground for relief regarding the state court's admission of evidence of an attempted prior drug sale as it is not cognizable in habeas review.  In making this determination, the Magistrate Judge concluded that a state court's decision on a question of state law is binding on this Court.  The Magistrate noted that Petitioner argued in his response in opposition to summary judgment that he had raised this claim as a due process violation.  However, the Magistrate Judge observed that this issue was not raised and ruled upon by the trial court as a due process violation and, as such, it was not preserved for appeal and was procedurally barred.  Next, the Magistrate Judge recommended that the Court grant summary judgment on Petitioner's second ground for relief for ineffective assistance of counsel due to counsel's alleged failure to relay plea offers.  The Magistrate Judge indicated that the state Post-Conviction Relief ("PCR") court properly considered and rejected Petitioner's ineffective assistance of counsel claim on this ground and that the PCR court's adjudication of this claim was neither contrary to nor involved an unreasonable application of federal habeas law.  Finally, the Magistrate Judge recommended dismissal of Petitioner's third ground for relief for ineffective assistance of counsel due to counsel's alleged failure to properly object to the chain of custody of the drugs presented at trial.  The Magistrate Judge determined that this claim was procedurally barred because the claim Petitioner raises before this Court is different from the claim he brought  before the PCR court.  The Magistrate Judge also addressed Petitioner's

reliance on the case of *Martinez v. Ryan*, __U.S.___, 312 S.Ct. 1300, 182 L.Ed2d 272 (2012) to

overcome procedural default and to demonstrate cause and prejudice.  The Magistrate Judge

properly concluded that Petitioner failed to meet the requirements of *Martinez* to show that his PCR

counsel was ineffective.  Petitioner timely filed objections to the Magistrate Judge's Report and

Recommendation.

## Standard of Review

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has

no presumptive weight, and the responsibility for the final determination remains with the Court.

*Matthews v. Weber,* 423 U.S. 261, 271, 96 S.C. 549, 46 LED.2d 483 (1976)).  The Court is charged

with making a *de novo* determination of those portions of the Report and Recommendation to which

specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the

Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. §

636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate

with instructions." *Id.*  The district court need not conduct a *de novo* review when a party makes

only general and conclusory objections that do not direct the Court to a specific error in the

Magistrate Judge's proposed findings and recommendations.  *Orpiano v. Johnson,* 687 F.2d 44,

47–48 (4th Cir.1982).  In the absence of specific objections to the Report and Recommendation, this

Court is not required to give any explanation for adopting the Report and Recommendation. *Camby*

*v. Davis,* 718 F.2d 198 (4th Cir. 1983).

## Discussion

In light of the standards set forth above, the Court has carefully reviewed Petitioner's

objections and finds that his objections are non-specific and merely restate or rehash the same

arguments presented in his initial petition and in his opposition to Respondent's motion for summary

judgment. (ECF Nos. 1, 3, and 34).  Further, the Court finds that the issues Petitioner raised in his

petition and in his "objections" were correctly addressed by the Magistrate Judge and the Court will

not address the same issues a second time.  Even reading these objections liberally in an effort to

find a specific challenge to the Magistrate Judge's Report and Recommendation, the Court finds that

Petitioner has not stated anything that would make this Court find error in the Magistrate Judge's

analysis.  As such, Petitioner fails to specifically argue where the Magistrate Judge erred in his

analysis and has not provided this Court with objections to address.

## Conclusion

The Court has thoroughly reviewed the Magistrate Judge's Report and Recommendation,

the record, Petitioner's objections and has conducted a *de novo* review of the issues raised in the

case.  The Court is satisfied that the Magistrate Judge rightly determined that Petitioner has no claim

for relief under the applicable law relative to § 2254.  Based on the forgoing, the Court adopts the

Report and Recommendation of the Magistrate Judge. Petitioner's objections are overruled.  For the

reasons set forth herein and in the Magistrate Judge's Report and Recommendation, Respondent's

motion for summary judgment is GRANTED (ECF No. 18) and the petition for a *writ of habeas*

*corpus* is DISMISSED. (ECF No. 1).

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists

would find this court's assessment of his constitutional claims is debatable or wrong and that any

dispositive procedural ruling by the district court is likewise debatable.  *See Miller–El v. Cockrell,*

537 U.S. 322, 336, 123 S.C. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484,

120 S.C. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th Cir.2001).  In this case,

the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a

certificate of appealability is denied.

       IT IS SO ORDERED.

/s/Mary G. Lewis<br>
United States District Judge

January 24, 2014<br>
Spartanburg, South Carolina